(68 Misc. Rep. 68.)

In re SIMMONS et al.

(Supreme Court, Special Term, Ulster County.   June, 1910.)

EMINENT DOMAIN (§ 231*)—VALUE OF LAND—EVIDENCE—ADAPTABILITY TO PARTICULAR CROPS.

In a proceeding under Laws 1905, c. 724, and acts amendatory thereof, by the Board of Water Supply of New York City to acquire lands for additional water supply, the commission should have reopened the case to permit an owner to show that part of the land was adapted to raising cranberries and the value of the land for that purpose, where his expert witness on the question had not examined the land at the time of the trial, and evidence was admissible to show the price of pasturage in the vicinity where part of the land was pasture land.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 585–589; Dec. Dig. § 231.*]

Francis K. Pendleton, Corp. Counsel.

John J. Linson, Special Counsel.

Jerome H. Buck and A. C. & F. W. Hottenroth, for certain parties interested.

BETTS, J.   No opposition is made to the confirmation of the report of the commissioners in this action except as to five parcels, Nos. 271A, 273, 302, 304, and 308.

In parcel No. 273, known as the James P. McGovern parcel, consisting of nearly 115 acres of land, after the case had been closed before the commissioners, but some time before their report, the claimant, McGovern, made a motion before the commission to be permitted to reopen his case and give evidence of the adaptability and the value of a portion of this land for the raising of cranberries and also the value of the entire property, considered with reference to its adaptability and availability as a part of a reservoir site.   This permission was denied by the commissioners.   As to the cranberries, one of the city's witnesses had been interrogated on cross-examination in regard to the use of this land for the purpose of cultivating cranberries, and had testified that he had no knowledge of the value of this land, if any, for the purpose of raising cranberries thereon.   The reason given by the landowner in asking to have the case reopened by the commissioners was that he had not at the time of the trial had his cranberry expert examine the premises, and that later he had and was convinced that the property had a value for cranberry culture, in addition to any value given to it by his other witnesses.   It would be competent to show that a portion of this land was suitable for the raising of cranberries.   2 Lewis on Eminent Domain (2d Ed.) § 480, p. 1058; Gardner v. Brookline, 127 Mass. 358.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

I think the claimant should have been permitted to show that fact, if it be a fact, by proper evidence, and its value for that purpose, if it has such a value. In view of the testimony and decision of the commissioners in parcel No. 271A on the availability and adaptability of the land for reservoir purposes, I think the commissioners did not err in refusing to reopen the case for the purpose of taking evidence in regard to that claim.

One other claim presents itself by numerous exceptions on the part of the claimant in this parcel. It was shown that this parcel of land contained about 50 acres of pasture land. An attempt was repeatedly made to show the price of pasturage in that vicinity, or the average price of the same. It was shown that there was a demand, at least some demand for pasture land, and that parties did take in cattle to pasture there on the adjoining property and other properties in that vicinity. Although I have not found a similar authority, still I think the evidence, if properly offered, would be competent. While not just the same as rental value, it is of a similar nature.

This parcel No. 273 may be returned to the same commissioners for the taking of such additional admissible evidence as may be proper upon these two questions in accordance with this memorandum, and confirmation of the report as to this parcel is refused.

As to the other parcels, the report of the commissioners is confirmed.